52 F.3d 328
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas J. ELEY and Phillip J. Loret, Defendants-Appellants.
 Nos. 94-3148, 94-3190.
 United States Court of Appeals, Seventh Circuit.
 Argued March 27, 1995.
Decided April 17, 1995.
Rehearing and Suggestion for Rehearing En Banc
Denied May 22, 1995.
 
 1
 Before CUMMINGS and FLAUM, Circuit Judges, and WALTER, District Judge*.
 
 ORDER
 
 2
 A two-count indictment was returned against defendants. Count I charged them with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. Secs. 841 and 846. Count II charged them with attempting to possess and intent to distribute marijuana in violation of the same statutory provisions. A third person, Allen Hartley, pleaded guilty to the same offenses. On August 3, 1994, both defendants were sentenced to 72 months in prison plus four years of supervised release and a fine of $5,000.
 
 
 3
 to arrive to pick up the marijuana, and officers maintained surveillance outside the room. A few hours later they saw Eley's Lincoln Continental with Indiana plates and three occupants, including Hartley, arrive at the motel parking lot. Hartley left the vehicle and went to the CI's room where Loret joined them shortly afterwards. The driver of the car, who turned out to be defendant Eley, remained in his vehicle. Officers overheard a conversation in the motel room in which Hartley told the CI that they would take his vehicle with the marijuana and return to the motel in an hour with the money and a car for the CI. Thereafter defendants and the CI went to the parking lot. Loret got into the vehicle containing the marijuana while Hartley returned to Eley's Lincoln. As the Lincoln began to leave with Eley at the wheel, Loret, Hartley and Eley were arrested. In a pat-down search the arresting officer found a vial of cocaine in Eley's breast pocket.
 
 
 4
 Immediately after the arrest of the three suspects, an officer searched the trunk of Eley's Lincoln and found a large bulk scale. The car was taken to the Drug Enforcement Administration office where a second search was conducted. During this search, Agent Cates found a leather bag containing $30,000 in cash. The bag was concealed in the trunk of the car behind the carpet. The vehicle was registered to defendant Eley and was subsequently returned to him. At the trial, the discovery of the $30,000 in cash and bulk scale was admitted against defendants.
 
 
 5
 While Hartley, Loret and Eley were in a holding cell after their arrest, they discussed what story they could concoct to explain their presence in the motel. Eley said he could explain the scale by saying he sold fertilizer. He told the others that he had $30,000 in cash with him in the vehicle. They decided to explain the presence of the cash with the story that Loret and Hartley were in Indiana to buy emus, Australian birds resembling an ostrich! However, Hartley concluded that such a story would not fly and told his co-conspirators it looked bad for them.
 
 Analysis
 
 6
 The government argued that there was probable cause to search the vehicle and that the automobile exception permitted the search without a warrant. The district court agreed. It is well settled that no warrant is required for the search of an automobile if the officers have probable cause to believe it contains contraband or evidence of a crime. California v. Carney, 471 U.S. 386, 392. Here the officers knew that two persons who were not from Indiana were to arrive at the Indianapolis motel to pick up marijuana and were to pay the CI driver $5,000 and a car for delivering it. It was known that one of the two suspects, Hartley, was a convicted felon and fugitive and therefore might be in possession of a firearm, often used in drug trafficking. Therefore they had cause to believe that Hartley, Loret, or Eley's car in which all three had arrived would have cash and possibly a firearm. It was also reasonable for them to believe that other tools of drug trafficking such as a scale or ledgers would be in the vehicle.
 
 
 7
 has not established that the verdict would have been different without this word. United States v. Goines, 988 F.2d 750, 773 (7th Cir.1993). Moreover, the court gave another instruction on mere presence without the word "necessarily" and stated, "Mere presence at the scene of a crime or knowledge that crime is being committed, standing alone, is not sufficient to establish defendant's guilt." Consequently, the jurors must have realized that they would have to find more credible evidence than Loret's mere presence at the arrest scene to convict him. In any event, there was overwhelming evidence from which the jury could find him guilty beyond a reasonable doubt. Therefore he has not established that inclusion of the word "necessarily" in one jury instruction deprived him of a fair trial. United States v. Kenny, 5 F.3d 214, 216 (7th Cir.1993).
 
 
 8
 Finally, the evidence showed that Loret was attempting to drive away from the motel in a car loaded with marijuana, that he used a pager to communicate with the conspirators and was involved in the conspiracy from inception. Similarly, Eley was shown to be Loret's Indiana marijuana customer who brought the scale to weigh the marijuana and had picked up Loret and Hartley at the airport and later driven them to the motel to facilitate the crime. Therefore the use of the word "necessarily" did not deprive him of a fair trial.
 
 
 9
 The judgment is affirmed.
 
 
 
 *
 The Honorable Donald E. Walter of the Western District of Louisiana is sitting by designation